**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT CARLYLE BERRETT,
Plaintiff-Appellant,

v.                                                                     No. 98-2388

GRACE INEZ ELMO,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-98-1428-DKC)

Submitted: July 20, 1999

Decided: August 11, 1999

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Carlyle Berrett, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Berrett appeals the district court order dismissing his action seeking monetary damages and title to real property. For the reasons set forth below, we vacate and remand.

Under exceptional circumstances, a district court may abstain from adjudicating a controversy before it "for reasons of wise judicial administration." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976). Before determining that abstention is warranted, the district court must first determine whether the state and federal proceedings are parallel. See New Beckley Mining Corp. v. International Union, United Mine Workers of Am. , 946 F.2d 1072, 1073 (4th Cir. 1991). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." Id. "When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). A district court's decision to surrender jurisdiction under the Colorado River doctrine of abstention is reviewed for abuse of discretion. See New Beckley Mining Corp., 946 F.2d at 1074.

The district court's decision to abstain from exercising jurisdiction over this case was based on its finding that the state court litigation alluded to in Berrett's complaint would adequately resolve the substantive issues forming the basis of his federal action. Berrett argues that the proceeding pending in orphans' court is inadequate to afford him the relief he seeks because the orphans' court does not possess jurisdiction to determine title to real property. He further asserts that the action he filed in state circuit court was summarily dismissed without prejudice and that no current action is pending in that court.

Accepting Berrett's assertion that there is no pending action in state circuit court, Berrett is correct in his assertion that the proceeding in

2

orphans' court will not be an adequate vehicle for the complete resolution of his claim seeking title to real property. Orphans' courts are tribunals of special limited jurisdiction that can exercise only such authority and power as is expressly provided to them by law, see Comptroller of Treas. v. Russell, 395 A.2d 488, 489 (Md. 1978), and it is well settled under Maryland law that orphans' courts have no jurisdiction to determine title to real property. See Preissman v. Harmatz, 288 A.2d 180, 183 (Md. 1972).

On the record before us, therefore, we find that the district court erred in finding that there existed parallel state court litigation that will be an adequate vehicle for the complete resolution of Berrett's claims. Accordingly, the district court abused its discretion in finding that parallel state proceedings justified its decision to abstain from exercising jurisdiction over Berrett's claims. We vacate the district court's order and remand for further proceedings consistent with this opinion. We offer no opinion as to whether additional information about related state court proceedings would justify a renewed decision to abstain from exercising jurisdiction over the case. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

VACATED AND REMANDED